UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
YISROEL FREEMAN
on behalf of himself and
all other similarly situated consumers

                              Plaintiff,

      -against-


ONLINE INFORMATION SERVICES, INC.

                              Defendant.

-----------------------------------------------------------

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Yisroel Freeman seeks redress for the illegal practices of Online Information Services, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Winterville, North Carolina.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Yisroel Freeman*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 1, 2018, the Plaintiff pulled his credit report with Equifax.

11. Within the said credit report, a utilities account with a balance of $1,954.00 was identified as unpaid.

12. The "Original Creditor Name" was identified as "ONLINE COLLECTIONS GRVL".

13. When viewing his TransUnion credit report however, the Plaintiff understood that it was the Defendant, Online Information Services, Inc. who was collecting the said debt on behalf of creditor, Con Edison.

14. The Defendant failed to identify and report the name of the current creditor to Equifax, but rather identified itself as the original creditor in violation of §§ 15 U.S.C. 1692e, 1692e(10) & 1692f.

15. 15 U.S.C. § 1692e provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

16. 15 U.S.C. § 1692f provides: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

17. The Defendant routinely reports delinquent accounts to the national credit bureaus.

18. The Defendant disguises to consumers as to who is actually reporting the debt.

19. The Defendant hid the fact that it itself, is the one that is reporting and instead, deceptively used an inaccurate name.

20. The Equifax report of which the Defendant was responsible to provide accurate information to, failed to state where the account originated from.

21. A collector violates the Act by failing to disclose the name of the current creditor. It is deceptive to demand payment of a debt when the unsophisticated consumer would not recognize to whom the debt is owed.

22. Failing to identify the creditor is confusing to the consumer when the collection agency did not specify who the owner that owned the debt is.[1]

23. The debtor is left utterly confused and in the dark, as to who the alleged debt that the Defendant is collecting upon is owed to.

24. Failing to state the name of the creditor, falsely represents the character and legal status of the alleged debt in violation of § 1692e(2)(A) and § 1692e(10).

25. By further failing to name the creditor, the Defendant failed to show the amount claimed was expressly authorized by contract as required by § 1692f(1).

26. Obscure and inconsistent information, have the effect of compelling the Plaintiff, and

---

[1] Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727, *23-24, 2011 WL 4344044 (S.D.N.Y. Sept. 7, 2011). ("Failing to Correctly Identify the Creditor States A Claim for Relief under Section 1692e(10)"), Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 301-02 (E.D.N.Y. 2005). (granting plaintiff summary judgment in a 1692g(a)(2) claim and explaining that [t]he least sophisticated consumer would not deduce from reading the [c]ollection [l]etter the name of the creditor seeking collection), Schneider v. TSYS Total Debt Mgmt., Inc., 2006 U.S. Dist. LEXIS 48177, 2006 WL 1982499, at *4 (E.D.Wis. July 13, 2006). (denying motion to dismiss in 1692g(a)(2) claim where plaintiff alleged that defendants did not list the name of the creditor), Hepsen v. J.C. Christensen and Assocs., Inc., 2009 U.S. Dist. LEXIS 92717, 2009 WL 3064865, at *5 (M.D.Fla. Sep. 22, 2009). (Concluding that the defendant violated 1692e(10) by incorrectly listing the name of the current creditor.)

other least sophisticated consumers, to place return calls to the company and to speak with their debt collectors, as the sole means of obtaining the identity of the creditor of their alleged debts.

27. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) & 1692f for the use of any false representation or deceptive means and the use of unfair or unconscionable means to collect or attempt to collect any debt.

28. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

29. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

30. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

31. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

32. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

33. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

34. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability

under section 1692e of the Act.

35. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

36. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

37. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty six (36) as if set forth fully in this cause of action.

38. This cause of action is brought on behalf of Plaintiff and the members of a class.

39. The class consists of all persons whom Defendant's records reflect resided in the State of New York and (a) who identified false credit information on their credit reports, originating from errors on the part of the said Defendant; and (b) the Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10) 1692f and 1692f(1).

40. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that credit report information is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such inaccurate credit information (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

41. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

44. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

45. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action;

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
July 30, 2019

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

## 10. Collections

Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

### Date Reported: May 11, 2018

| | | | |
|---|---|---|---|
| **Original Creditor Name** | ONLINE COLLECTIONS GRVL | **Balance Date** | May 11, 2018 |
| **Date Assigned** | Oct 31, 2017 | **Account Designator Code** | INDIVIDUAL_ACCOUNT |
| **Original Amount Owed** | $1,954 | **Account Number** | xxxxxxxxxxxx 8702 |
| **Amount** | $1,954 | **Creditor Classification** | Utilities |
| **Status Date** | May 11, 2018 | **Last Payment Date** | |
| **Status** | UNPAID | **Date of First Delinquency** | Jun 01, 2017 |

**Comments**

EQUIFAX   YISROEL FREEMAN | Jun 01, 2018   Page 33 of 38

Summary › Revolving › Mortgage › Installment › Other › Statements › Personal Info › Inquiries › Public Records › **Collections**